The next case this morning is 524-0455, People v. Wilson. Arguing for the appellant is Jonathan Krieger. Arguing for the appellee is Jenna Siever. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Good morning. As you can see, we're missing a justice. He cannot join us today. It's Justice Barberis. He's on your panel. But as you both know, the audio is being taken, and so Justice Barberis will have the audio of this argument available to him, as well as the briefs and the record. So we're going to proceed. Mr. Krieger for the appellant. Thank you, Your Honors. Again, this is Jonathan Krieger for Douglas Wilson. May it please the court. This case raises whether my client should be given a right to appeal. As shown in the briefs, my client was hindered in obtaining an appeal in two ways. First, of course, court gave inadequate admonitions about how to appeal the case. And second, plea counsel, when told of my client's desire to appeal, filed a notice of appeal he knew or should have known was premature. This morning, I plan to discuss both issues. First, the admonitions error. The guilty plea below was an open plea. My client pled guilty without any agreement from the state as to sentencing. And since the plea was open, the court needed to give admonitions that substantially complied with Supreme Court Rule 605B. Most importantly, Rule 605B requires a defendant be told that he has the right to appeal and that prior to taking an appeal, must file a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the guilty plea. The judge below advised my client of the right to appeal but failed to admonish him about both possible prerequisite motions. The court instead told my client that to appeal, he needed to file a written motion asking the court to withdraw your guilty plea. The court went on to say that success on this motion would mean the guilty plea would be withdrawn. This was not substantial compliance. The admonition given omitted that my client could appeal without risking the withdrawal of his guilty plea. And one advantage of open pleas is that they allow appellate review of a sentence without disturbing the plea itself. The admonitions in this case did not inform my client of the necessity of a motion to reconsider a sentence in obtaining this review. The court's later mention of a motion to reconsider sentence was inadequate. The court told my client he, quote, could also, end quote, file a motion to reconsider sentence. But the court did not say what was true, which is that it was necessary to file one if he wanted to challenge the sentence. In sum, the court's admonitions did not substantially comply with Rule 605B. We would ask the court to remand for correct admonitions and for a chance for my client to file a post-plea motion. On the second point, counsel provided ineffective assistance by failing to perfect my client's appeal. Under prevailing precedent, counsel provides ineffective assistance of counsel if their performance causes the defendant to forfeit the appeal. That's what occurred in this case. My client conveyed that he wanted to pursue an appeal, but counsel failed to make necessary filings. Specifically, counsel filed a notice of appeal without first filing a post-plea motion. As noted under Supreme Court rules, the failure to file a post-plea motion prevents this court from reaching the merits of an appeal. And under the governing U.S. Supreme Court case law, when counsel fails to perfect an appeal through its deficient performance, prejudice is presumed. And this deficient performance plus resulting prejudice presents a meritorious, ineffective assistance, counsel claimed for my client. Now, the state claims that the record is inadequate to review this issue, but that's incorrect. The record shows that my client wanted to appeal and that counsel's let him to be denied an appeal on the merits. The state also doesn't dispute that there was a viable basis for filing a motion to reconsider sentence based on excessive sentence, based on my client's remorse and his substantial rehabilitation. And since my client has shown ineffective assistance, the case should be remanded back to the point where counsel's performance went awry after the guilty plea. Unless your honors have any questions, I'll quickly conclude. No questions. Given the trial court's lack of substantial compliance with Rule 605B and the ineffective assistance of plea counsel, the case should be remanded for new post-plea proceedings. Thank you. Thank you, Mr. Krieger. You'll have a few minutes after Ms. Siever. Ms. Siever, what do you have to say on behalf of the state? Well, may it please the court, counsel, my name is Jenna Siever. On behalf of the people, first, I will briefly discuss the trial court's substantial compliance with Rule 605B. Then I will discuss defendant's ineffective assistance, a counsel claim. There really is no question here that defendant was properly admonished pursuant to Rule 605B, since substantial compliance is all that is required per Rule 605. And defendant was told prior to taking an appeal, he must file a motion to withdraw his guilty plea. He could also file a motion to reconsider his sentence. The phrase, you could also, is open for this court's interpretation. I mean, a general interpretation of that phrase would be that there is another option available to you, that you must file a motion to withdraw a guilty plea. You could also file a motion to reconsider sentence. Two options available, which is true under Rule 605B. Defendant was required to file either of those post-plea motions before taking an appeal, and he didn't do either. The First District and Clawdon found that a defendant was put on notice of the necessity of first filing a post-plea motion when the trial court admonished him pursuant to Rule 605B rather than 605C. And here too, defendant was on notice that he needed to file some kind of post-plea motion, either the motion to withdraw a guilty plea or the motion to reconsider before filing an appeal, and he ignored it. And since the trial court's admonishments are substantially complied with Rule 605B, and defendant was on notice that he needed to file a post-plea motion, the admonition exception does not apply in this case. And since it doesn't apply in this case, defendant has waived his rights to direct appeal, and then this court should dismiss this appeal. Likewise, for the second issue, this court cannot consider defendant's claim for ineffective assistance of counsel. That claim can only be raised at this point in a post-conviction petition. This court and Gouge determined that defendant was properly admonished under a 605B and that the admonition exception did not apply. Neither the defendant or his counsel in that case filed the post-plea motion before filing an appeal. However, this court determined that a claim of ineffective assistance of counsel could not be on direct appeal and that it would need to go to a post-conviction petition proceedings if the defendant wanted to continue to pursue ineffective assistance of claim. And so, too, in this court, you know, this court should follow its decision in Gouge and find that defendant's claim of ineffective assistance of counsel cannot be heard on appeal, on direct appeal, excuse me. Furthermore, this court noted in Gouge that a claim of ineffective assistance of counsel will almost certainly require consideration of facts outside the record. As people noted multiple times in our brief, the record on appeal here is, we believe, is insufficient to properly litigate this issue. I mean, there's only one piece of information in the record that defendant wanted an appeal, but all it says is his family told counsel that he wished to appeal. Contrary to defendant statements, there is nothing in the record that actually shows what defendant wished to appeal. They're assuming that he wanted to appeal his sentence, but there's actually nothing in the record that states that. And of course, there's nothing in the record that discusses what actions the counsel took or could answer a question of why they didn't file this post-plea motion. In a post-conviction petition, in a post-conviction proceedings, this court can consider facts that are outside of the record. So, for that reasons, this court should find that this ineffective assistance of counsel claim is not viable at this time and would be, if defendant continues to pursue this, would be more appropriate for a post-conviction proceeding. If there are no questions from this court, people respectfully request that this court dismiss defendant's appeal. Thank you. Ms. Sieber, the fact that the admonitions were given at two different times, does that affect your argument in any way? Can you be more specific? Well, I thought that the court gave one set of admonitions, and when he said you could also file a motion, which must be in writing, that that was at a separate time in the plea process. Was it all together? No, it was all together, Your Honor. Okay. Okay. Justice Moore, any questions? No questions. All right. Thank you, Ms. Sieber. Thank you. Mr. Krieger, what about the ineffective assistance of counsel argument that it must be in a post-conviction proceeding? I think we have everything that we need here, Your Honor. Under Flores-Ortega, the question is whether the client asked for an appeal, and that's what we thought. There wasn't an issue there. He went to file a notice of appeal. The problem is that the counsel should have known the law, which is that you can't just file a notice of appeal on its own. There needs to be a post-plea motion. I think we have everything that we need here. Now, in our briefs, we argued that there was an excessive sentence claim. There's a possible sentence claim, but we don't really, under the prevailing law, we don't need to show that. Under Flores-Ortega, it's sufficient that he asked for it, and he asked for an appeal. Under the prevailing law, because the deficient performance deprived him of that appeal, there's an ineffective assistance of counsel claim. With regard to Justice Cates' question, there were, in fact, two sets of admonitions, one after the guilty plea and one after sentencing. The one after the guilty plea didn't mention the motion to reconsider sentence at all. That's the one, if I'm not mistaken, at the transcript 74 to 75. Then later, after he was sentenced, there were the admonitions, I believe, at 229 to 30, where the motion to reconsider sentence is mentioned. I don't think it's a fair reading of the record to say that the judge told my client that there was two options. The judge told my client that in order to appeal, he needed to file a motion to withdraw guilty plea, and if that was successful, his plea would be withdrawn and the charges would be restored. Only after that did he mention the motion to reconsider sentence, and that said, you could also. This was after the fact. It wasn't associated with the right to appeal and preserving it. Any reasonable defendant, having heard this, would think, well, gosh, the only way that I can appeal my sentence is to risk my guilty plea being withdrawn. If that's something that the defendant did not want to disturb, then it wouldn't give the defendant a chance to just raise their sentence. That's the error that we outlined in the case. I think that's all I have, Your Honors, unless you have any questions. What relief are you asking for, Mr. Krieger? We're asking for the case to be sent back for new post-plea proceedings. It would go back, the judge would give proper admonitions, and it would go from there. If after talking to my client, counsel decided to file a post-plea motion, then they would. Okay. All right. Justice Moore? No questions. Okay. Thank you both for your arguments here today. This matter will be taken under advisement. We will issue an order in due course. Appreciate you coming today. Thank you. Thank you. Have a good day.